SAN FRANCISCO LUMBER CO., PETITIONER, *v.* COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT.

Docket No. 10643.   Promulgated March 8, 1928.

*Walter C. Fox, Jr., Esq.*, for the petitioner.
*A. H. Fast, Esq.*, for the respondent.

**OPINION.**

TRUSSELL: The sole issue before us is the period during which petitioner and another corporation should be consolidated for tax purposes under the statutory provisions following:

Revenue Act of 1921:

SEC. 1331. (a) That Title II of the Revenue Act of 1917 shall be construed to impose the taxes therein mentioned upon the basis of consolidated returns of net income and invested capital in the case of domestic corporations and domestic partnerships that were affiliated during the calendar year 1917.

(b) For the purpose of this section a corporation or partnership was affiliated with one or more corporations or partnerships (1) when such corporation or partnership owned directly or controlled through closely affiliated interests or by a nominee or nominees all or substantially all the stock of the other or others. * * *

Revenue Act of 1918:

Sec. 240. (a) That corporations which are affiliated within the meaning of this section shall * * * make a consolidated return of net income and invested capital for the purposes of this title and Title III, and the taxes thereunder shall be computed and determined upon the basis of such return: * * *

* * * * * * *

(b) For the purpose of this section two or more domestic corporations shall be deemed to be affiliated (1) if one corporation owns directly or controls through closely affiliated interests * * * substantially all the stock of the other or others. * * *

Reduced to its simplest terms the question is whether the 83 shares of the capital stock of petitioner which stood of record in the name of J. H. Masterson during 1917, and the early months of 1918, but which were indorsed over to and held by a parent corporation the owner of the remainder of the outstanding capital stock of petitioner constituted a separate minority interest free of control, so that respondent was right in failing to consolidate the returns of petitioner and the parent corporation for income-tax purposes for the calendar year 1917, and for the early months of 1918. The facts are detailed in the findings; we will not extend this opinion by a repetition of them. Such a question as this must be "examined in three dimensions with the light of reality," *Hagerstown Shoe & Legging Co.*, 1 B. T. A. 666, and affiliation is not defeated by a separate ownership of part of the stock provided there is a community of interest. *Mahoning Coal R. R. Co.*, 4 B. T. A. 923. We think there was a community of interest between the record owner of the 83 shares and the parent corporation, and, furthermore, the parent corporation was in control of all of the stock sufficiently to warrant consolidation. In addition there was a complete unity of enterprise; petitioner was nothing more than a separately incorporated branch of the parent corporation and we entertain no doubt but that consolidation will effect a clearer reflection of the income of the affiliated group. We are of opinion that petitioner should be consolidated with The Charles Nelson Co. for the entire years 1917 and 1918. Compare *Hamilton & Chambers Co.*, 1 B. T. A. 694; *Iron City Electric Co.*, 4 B. T. A. 1178; *Powers & Mayer, Inc.*, 6 B. T. A. 329; *Kennington Realty Co.*, 8 B. T. A. 1030.

*Judgment will be rendered upon 15 days' notice, under Rule 50.*